IN THE MATTER OF THE ADOPTION OF A FEMALE CHILD BORN ON OCTOBER 3, 2004 BY P.N. AND J.N., Petitioners-Appellants.
No. 29147.
Intermediate Court of Appeals of Hawaii.
September 11, 2009.
On the briefs:
P.N. and J.N., Petitioners-Appellants pro se.
Emiko L. Meyers (Legal Aid Society of Hawaii-Kauai) for Natural Mother.

MEMORANDUM OPINION
WATANABE, Acting C.J., FOLEY and LEONARD, JJ.
Petitioners-Appellants P.N. and J.N. (Appellants) appeal from the Order on Natural Mother's Motion to Dismiss Adoption Proceeding (Order) filed on April 24, 2008 in the Family Court of the Fifth Circuit (family court).[1] The family court granted Natural Mother's motion to dismiss Appellants' petition to adopt Natural Mother's child (Child).
On appeal, Appellants argue that the family court was wrong in dismissing the adoption proceeding of Child because (1). the family court did not have jurisdiction; (2) Child's welfare, which is best served by remaining with Appellants, is to be given priority over the Indian Child Welfare Act, 25 U.S.C. § 1913(c) (ICWA); and (3) the German family court's decision takes precedence over the Order.

I. BACKGROUND
On October 3, 2004, Natural Mother gave birth to Child in Lihue, Kaua'i, Hawai'i. As requested by Natural Mother, Child was handed over shortly after birth to Appellants, who spent the night in the hospital with Child and were able to take Child to their hotel the following morning.
On October 7, 2004, Appellants filed a Petition for Adoption in the family court with the assistance of their attorney, Linda E.F. Lach (Lach).
On October 14, 2004, Natural Mother filed a Specific Consent of Natural Mother, consenting to the legal adoption of Child by Appellants and stating, inter alia, that
because [Natural Mother] is a tribal-registered Native American, and because her child is eligible for registration as a tribal member, this placement falls under the Indian Child Welfare Act, 25 U.S.C. § 1901 et seq., which provides, in part, that the undersigned may withdraw her consent at any time, for any reason, prior to the entry of a final decree of adoption, and have the child returned to her.
On the same day, Natural Mother returned to South Dakota.
On October 19, 2004, Appellants filed an Ex Parte Motion for Order Allowing Removal of Child from Circuit and For Application for U.S. Passport, which the family court granted. The Order Allowing Removal of Child from Circuit and for Application for Passport (Removal Order) attached to the ex parte motion provided that:
1. [Appellants] may remove [Child] from the Circuit, to their home in Germany, pending finalization of this adoption, so long as they return to the Circuit for the final hearing in the matter, when scheduled, unless such final hearing shall be waived by order of this Court.
2. [Appellants] may apply for a United States passport for [Child], in order that s/he may travel with them to their home in Germany, notwithstanding the fact that this adoption is not yet final and [Appellants] are not yet [Child's] legal parents. A copy of this Order may be provided to the United States passport authorities in support of [Appellants'] application.
On October 20, 2004, Appellants returned to Germany with Child. The parties dispute whether Appellants knew at the time of their departure that Natural Mother had changed her mind about the adoption. Appellants maintain they did not know of Natural Mother's retraction when they left the United States. Natural Mother contends that on October 20, 2004, she conveyed, through her attorney, her decision to withdraw her consent under the ICWA to Lach. Lach asserts that on October 20, 2004 she informed Appellants of Natural Mother's revocation and after leaving her office, Appellants checked out of their hotel.[2]
On October 26, 2004, Natural Mother filed a Revocation of Consent to Adoption with the family court.
On January 24, 2005, Natural Mother filed a Motion to Compel Immediate Return of Child. On February 14, 2005, the family court filed an Ex Parte Order Compelling Immediate Return of Child.
On April 25, 2006, Natural Mother filed a petition in Germany for the return (Return Petition) of Child under the Hague Convention on the Civil Aspects of International Child Abduction, T.I.A.S. No. 11,670, 1343 U.N.T.S. 89 (Oct. 25, 1980), reprinted in 51 Fed. Reg. 10,494 (March 26, 1986) (Hague Convention).
International proceedings took place before a German family court, which denied the Return Petition on May 25, 2007 pursuant to Article 12 of the Hague Convention. In its ruling, the German family court held that: (1) whether Child's removal was unlawful was not an issue because a period of more than one year had elapsed since the date of the removal; (2) Child's removal was nevertheless not wrongful because the family court's Removal Order was effective at the time of the removal; and (3) Natural Mother's Return Petition should be denied because Child is now settled in her new environment and removing Child "would have such negative consequences for the physical and mental development of the child, that the well-being of the child would presently be jeopardized."
The German family court based its decision, in part, on reports from Dr. Schulte-Markwort (Dr. Schulte-Markwort) of the University Hospital in Hamburg-Eppendorf; Natalie Wazir (Wazir), a representative from the United States Department of State, Bureau of Consular Affairs, Office of Children's Issues; and Child's nursery school. Dr. Schulte-Markwort reported that Child had developed a secure relationship with Appellants, was physically and psychologically healthy, and had an ideal environment for development and stimulation. Wazir reported about the loving quality of Child and Appellants' relationship.
Natural Mother did not appeal the German family court's decision.
On December 12, 2007, Natural Mother filed a Motion to Dismiss Adoption Proceeding (Motion to Dismiss). Appellants filed their Memorandum in Opposition to Motion to Dismiss on March 28, 2008.
On March 31, 2008, the family court held a hearing and granted Natural Mother's Motion to Dismiss. The family court filed the Order on April 24, 2008. Appellants timely appealed.

II. STANDARD OF REVIEW
"A trial court's ruling on a motion to dismiss is reviewed de novo." Kamaka v. Goodsill Anderson Quinn & Stifel, 117 Hawai'i 92, 104, 176 P.3d 91, 103 (2008).

III. DISCUSSION
For purposes of this appeal, we limit our discussion to the issues of (1) whether the family court had jurisdiction in the instant case and, if so, (2) whether the family court was wrong in dismissing Child's adoption proceeding.
With respect to the jurisdictional issue, because the family court is of the circuit in which Child was born, the family court had jurisdiction under HRS § 578-1 (2006 Repl.).[3] At issue, then, is whether the family court erred by granting Natural Mother's Motion to Dismiss. We conclude that it did not.
The ICWA provides, in relevant part, that
[i]n any voluntary proceeding for termination of parental rights to, or adoptive placement of, an Indian child, the consent of the parent may be withdrawn for any reason at any time prior to the entry of a final decree of termination or adoption, as the case may be, and the child shall be returned to the parent.
25 U.S.C. § 1913(c). Natural Mother withdrew her consent prior to a final decree of termination or adoption being entered. Natural Mother then obtained a family court order mandating Child's return. After Appellants failed to return Child, Natural Mother unsuccessfully sought relief in the German family court. The German family court decision refusing to return Child did not deprive the Hawai'i family court of jurisdiction to dismiss the adoption proceeding pursuant to 25 U.S.C. § 1913(c), which is the dispositive issue before us.

IV. CONCLUSION
The Order on Natural Mother's Motion to Dismiss Adoption Proceeding filed on April 24, 2008 in the Family Court of the Fifth Circuit is affirmed.
NOTES
[1] The Honorable Calvin K. Murashige presided.
[2] On January 20, 2005, Lach withdrew as Appellants' attorney.
[3] HRS § 578-1 provides in relevant part:

§578-1 Who may adopt; jurisdiction; venue. Any proper adult person, not married, or any person married to the legal father or mother of a minor child, or a husband and wife jointly, may petition the family court of the circuit in which the person or persons reside or are in military service or the family court of the circuit in which the individual to be adopted resides or was born ....
(Emphases added.)